IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| T. DOUGLAS MOSER and | ) | Case No. 04-20254 |
| JUDY L. MOSER, husband and | ) | |
| wife, dba MOSER FARMS, | ) | |
| | ) | |
| Debtors. | ) | MEMORANDUM OF |
| | ) | DECISION RE: APPROVAL |
| | ) | OF DISCLOSURE |
| | ) | STATEMENT |
| _____ | ) | |

The Debtors filed a chapter 11 petition on March 2, 2004. *See* Doc. No. 1. Presently before the Court is the question of approval of Debtors' disclosure statement, *see* § 1125, which is statutorily prerequisite to Debtors' attempt to solicit acceptances and confirm their plan of reorganization.

Debtors' first disclosure statement was proposed in August, 2004. Doc. No. 103. Finally heard in October, Debtors were granted a period of time to amend and supplement the disclosure statement to eliminate objections. That period was extended at Debtors' request. An amended disclosure statement was filed on November 24, 2004. Doc. No. 174.

Creditor Carol Chipman objected to the approval of that amended

MEMORANDUM OF DECISION RE: APPROVAL OF DISCLOSURE
STATEMENT - 1

disclosure statement. *See* Doc. No. 176. Debtors thereafter filed on January 3, 2005, a Second Amended Disclosure Statement. Doc. No. 187. Chipman again objects. Doc. No. 193.[1]

Upon review of the disclosure statement and the objection, this Court conclusively determines that additional hearing on the approval under § 1125 is not warranted. The matters can be, and are, addressed by this Summary Order.

Context is important. Disclosure statements are a critical part of the chapter 11 process. But they are only a part; they are not an end unto themselves. At some point, legitimate debate over whether a proposed disclosure statement contains "adequate information" as required by the Code can turn into quibbling over matters that will not materially impact the evaluation of the debtor's reorganization proposal by the objector or any other creditor. Such a point has been reached here.

Debtors' Second Amended Disclosure Statement states:

> 5. <u>Secured creditor</u>. Carol Chipman, an investor, has a

---

[1] Creditors Larry and Carol Vestal objected to the Amended Disclosure Statement. *See* Doc. No. 180. However, they have not filed an objection to the Second Amended Disclosure Statement. As the Second Amended Disclosure Statement perpetuates the classification of Vestals as "investor creditors" to which they previously objected, the Court assumes their objection, Doc. No. 180, is equally applicable to the Second Amended Disclosure Statement. However, this objection does not require disapproval of the disclosure statement. The disclosure statement accurately described what Debtors propose to do. Whether they can, and Vestals' objection to the attempt, are confirmation issues. For clarity, Debtors will be required to amend their Second Amended Disclosure Statement to note Vestals' opposition to the classification and plan treatment. The objection, Doc. No. 180, will otherwise be **overruled**.

MEMORANDUM OF DECISION RE: APPROVAL OF DISCLOSURE STATEMENT - 2

> judgment lien in the amount of $350,000. This is second in priority to the liens of Zion bank on debtors' real property and has been avoided except to the extent that it does not impair debtors' exemption in their real property and covers all property of the debtors. The secured portion of this claim is $14,646. This will be paid in ten equal installments of $1,464 each beginning in 2005. The balance of the claim of Chipman is unsecured. Creditor Chipman also has a consensual security interest in all equipment and machinery which is junior to the lien of Zions Bank. This secured creditor is impaired. Based upon debtors' current valuation of the equipment, Chipman is unsecured.

Doc. No. 187 at 10.

Chipman's objection is that the description of the balance of the claim (after § 522(f) avoidance) as "unsecured" is inaccurate. Doc. No. 193 at 1. Chipman contends, in regard to the security interest in personal property:

> There is no factual basis for the representation . . . that Chipman's claim is unsecured. Debtors have produced no current valuation information to support their representation that Chipman is unsecured.

*Id.* at 2.

It is clear that Debtors' statement in the Second Amended Disclosure Statement regarding the unsecured status of Chipman's personal property claim is an assertion, allegation and belief. It is not an established fact; the Court has not yet valued this claim under § 506 and Fed. R. Bankr. P. 3012 or otherwise. And, fairly read, the disclosure statement does not assert an unqualified fact. Debtors acknowledge the existence of Chipman's secured claim in all equipment and machinery and simply contend that "*[b]ased upon debtors' current valuation of*

MEMORANDUM OF DECISION RE: APPROVAL OF DISCLOSURE STATEMENT - 3

*the equipment*, Chipman is unsecured."

Approval of the disclosure statement will not constitute a valuation of this claim. Nor is such approval any sort of judicial imprimatur of Debtors' allegations regarding it. Debtors so note. *See* Doc. No. 187 at 1 (stating that the court's approval of the statement is not an endorsement of the plan or a guarantee of the accuracy of the information disclosed).

This matter is easily resolved. Debtors shall include a sentence immediately following the language quoted above, stating "Chipman disputes that this claim is unsecured." The disclosure statement is thus made clear.[2]

With such an amendment, Chipman's objection will be **overruled**, and the Second Amended Disclosure Statement, with the indicated amendments, will be **approved**. Debtors shall prepare an appropriate order approving the disclosure statement, setting deadlines for ballots and objections to confirmation, and scheduling a confirmation hearing.

DATED: **January 12, 2005**



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[2] To the extent Chipman complains that Debtors' have not provided support for their allegation, discovery tools are readily available. *See* Fed. R. Bankr. P. 9014.

MEMORANDUM OF DECISION RE: APPROVAL OF DISCLOSURE STATEMENT - 4

<u>CERTIFICATE RE: SERVICE</u>

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Kelly N Brown
POB 604
Pullman, WA 99163

Barbara K Hamilton
POB 3001
Malvern, PA 19355-0701

Bruce K Medeiros
1280 Bank of America
601 W Riverside Ave
Spokane, WA 99201

Brad L Williams
421 W Riverside Ave Ste 906
Spokane, WA 99201

Case No. 04-20254 (T. Douglas Moser)

Dated: January 12, 2005

Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION RE: APPROVAL OF DISCLOSURE STATEMENT - 5